UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KENTUCKY FARM BUREAU
MUTUAL INSURANCE COMPANY
(a/s/o James Q. Shaw), et al.                                                               PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 3:13-CV-00920-CRS

CNH AMERICA LLC                                                                               DEFENDANT

## MEMORANDUM OPINION

Defendant CNH America LLC ("CNH") moves for partial summary judgment on Plaintiffs' negligence and strict liability claims. Plaintiffs, Kentucky Farm Bureau Mutual Insurance Company ("KFB"), James Q. Shaw, Jr., James Shaw, Sr., and Jamie Marksbury, oppose the motion. The Court will deny CNH's motion.

### BACKGROUND

The following facts are undisputed.

James Shaw, Jr. purchased a previously used T5050 Case New Holland Tractor ("Tractor") with an attached front end loader ("Loader") from Steve Tichenor in July 2010. Tichenor had purchased the Tractor and Loader as an integrated unit from a retailer in July 2008. After Shaw, Jr.'s purchase, KFB insured the unit.

Shaw, Jr. used the Tractor/Loader unit for noncommercial purposes, including mowing his property. On May 12, 2012, after Shaw, Jr. and his brother mowed various family pastures,

1

Shaw, Jr.'s brother stored the unit in his sister Jamie Marksbury's barn. Shortly thereafter, a fire erupted and damaged the Tractor/Loader unit, the barn, and other equipment. KFB paid the policy limit for the damage the fire caused to Shaw, Jr.'s, Shaw, Sr.'s, and Marksbury's property, including the barn, equipment, and Tractor/Loader unit. Plaintiffs seek to recover damages from the fire.

Defendant CNH moves for partial summary judgment on Plaintiffs' negligence and strict liability claims involving damages to the Tractor/Loader unit. CNH argues that the economic loss doctrine bars this recovery.

## STANDARD

Before granting a motion for summary judgment, the Court must find that "there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of establishing the nonexistence of any issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), a burden which may only be satisfied by "citing to particular parts of materials in the record..." or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). In resolving a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

## DISCUSSION

The success of CNH's motion for partial summary judgment depends on (1) whether the Kentucky Supreme Court would apply the economic loss doctrine to consumer transactions; and (2) whether the relevant transaction is commercial or noncommercial. The Court will assess each in turn.

The economic loss rule "prevents the *commercial purchaser* of a product from suing in tort to recover for economic losses arising from the malfunction of the product itself, recognizing that such damages must be recovered, if at all, pursuant to contract law." *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 733 (Ky. 2011) (emphasis added). Economic loss is the loss of a product's value caused by a product's defect (direct economic loss) and consequential loss from the defect, including lost profits (consequential loss). *See Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002) (citing Louis R. Frumer & Melvin I. Friedman, Products Liability, § 13.07 (Matthew Bender, Rev. Ed.) (2014)). The Kentucky Supreme Court has explained that this "rule recognizes that economic losses, in essence, deprive the purchaser of the benefit of his bargain and that such losses are best addressed by the parties' contract and relevant provisions of Article 2 of the Uniform Commercial Code." *Giddings*, 348 S.W.3d at 738. This ensures that contract law does not "drown in a sea of tort." *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 866 (1986).

Three relevant policies support applying the economic loss doctrine to commercial transactions: "(1) it maintains the historical distinction between tort and contract law; (2) it protects parties' freedom to allocate economic risk by contract; and (3) it encourages the party best situated to assess the risk of economic loss, usually the purchaser, to assume, allocate, or insure against that risk." *Giddings*, 348 S.W.3d at 739 (quoting *Mt. Lebanon*, 276 F.3d at 849 (citations omitted)).

The Court must initially determine whether the Kentucky Supreme Court would apply the economic loss doctrine to consumer transactions, which are noncommercial in nature with no business purpose. *See Dinsmore Instrument Co. v. Bombardier, Inc.*, 199 F.3d 318, 320 (6th Cir.

1999). This Court finds persuasive the reasoning of other federal courts in the Commonwealth that have found that the Kentucky Supreme Court would not apply the economic loss rule to consumer transactions. *See State Farm Mut. Auto. Ins. Co. v. Norcold, Inc.*, 89 F. Supp. 3d 922, 2015 U.S. Dist. LEXIS 27076 (E.D. Ky. 2015) ("This Court does not believe … that the Kentucky Supreme Court would apply [the] economic-loss doctrine to consumer transactions."); *see also Mt. Lebanon*, 276 F.3d at 849 (noting that the Kentucky Supreme Court would "probably" not apply the economic loss doctrine to consumer purchases).

      CNH, however, does not contest that if the relevant transaction is a consumer transaction then the economic loss rule does not apply. Rather, CNH argues that the underlying transaction is commercial. CNH contends that because *Tichenor* purchased the Tractor/Loader unit for commercial purposes, that the relevant transaction is commercial.

      Under Kentucky law, contract law would likely govern the transaction between Tichenor, a commercial purchaser, and CNH, a manufacturer. That transaction, however, is not the subject of this litigation. While Tichenor was the initial purchaser, he is not the purchaser now bringing negligence and strict liability claims against CNH. CNH points out that Shaw, Jr. said he purchased the Tractor/Loader unit with "intentions of purchasing a farm, and … wanted it to mainly support a cattle operation and have to do light fieldwork and mowing." Shaw, Jr. Dep. 33, ECF No. 29-3. However, CNH does not elaborate on this point to argue that Shaw, Jr. purchased the unit for commercial purposes. Instead, CNH says that Shaw, Jr.'s intentions are irrelevant and that the Court should focus on Tichenor's purchase. While the transaction between Tichenor and the retailer may have been a commercial transaction, that relationship does not define further transactions involving the product. The Court has not been advised of any

contractual relationship between the parties or a controlling warranty. Therefore, the point of the economic loss doctrine to ensure tort law does not overrun contract law is missing.

The Court will deny CNH's motion for partial summary judgment on Plaintiffs' negligence and strict liability claims involving damages to the Tractor/Loader unit.

The Court will enter a separate order in accordance with this opinion.

December 8, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**